Tyler J. Anderson, ISB No. 6632
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 W. Main Street, Suite 200
P.O. Box 1617
Boise, ID 83701-1617
Telephone: 208.344.6000
Facsimile: 208.954.5275
Email: tanderson@hawleytroxell.com

Ross R. Barton (NC Bar No. 37179)
    (*pro hac vice forthcoming*)
Sierra Weingartner (NC Bar No. 59658)
    (*pro hac vice forthcoming*)
ALSTON & BIRD LLP
Vantage South End
1120 South Tryon Street Suite 300
Charlotte, NC 28203
Phone: (704) 444-1000
Fax: (704) 444-1111
Email: ross.barton@alston.com
       sierra.weingartner@alston.com

Attorneys for Plaintiff Dead Air Armament, LLC
*d/b/a* Dead Air Silencers

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DEAD AIR ARMAMENT, LLC d/b/a DEAD AIR SILENCERS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>JARVIS ARMS LLC d/b/a MISSION SILENCERS,<br><br>　　　　Defendant. | Case No. 1:25-CV-00497<br><br>COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT<br><br>JURY TRIAL DEMANDED |

COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT - 1

Plaintiff Dead Air Armament, LLC *d/b/a* Dead Air Silencers ("Plaintiff" or "Dead Air") by and through its attorneys, seek a Declaratory Judgment against Jarvis Arms LLC d/b/a Mission Silencers ("Defendant" or "Jarvis") that Dead Air does not infringe U.S. Patent No. 12,018,906, and states and alleges as follows:

## NATURE OF THE ACTION

1. This is an action arising under the patent laws of the United States, Title 35 of the United States Code, for declaratory judgment of non-infringement of U.S. Patent No. 12,018,906 ("the '906 Patent"), titled "Firearm Suppression System."

2. A true and correct copy of the '906 Patent is attached to this Complaint as Exhibit A.

3. On information and belief, Jarvis purports to be the owner of the '906 Patent by assignment. The '906 Patent lists Lonnie Jarvis of Rexburg, Idaho, as the sole named inventor and lists Defendant as the Applicant.

4. Jarvis has accused Dead Air of infringing the '906 Patent.

5. Dead Air does not infringe the '906 Patent, as set forth below.

6. Jarvis's actions and statements have created a real and substantial controversy that warrants issuance of a declaratory judgment of noninfringement concerning whether Dead Air infringes the '906 Patent.

7. This Court should not allow the imminent threat of a lawsuit to harm and cause uncertainty to Dead Air's business.

## THE PARTIES

8. Dead Air is a North Carolina limited liability corporation with a principal place of business located at 2206 W. 3000 S, Suite B, Heber City, Utah, 84032.

9. Dead Air designs and sells, among other things, high-performance suppressors for rifles and pistols, including but not limited to the RXD22Ti suppressor.

10. On information and belief Defendant Jarvis Arms LLC, doing business under the name Mission Silencers, is an Idaho limited liability company with its principal place of business located at 1075 S. Desert Rock Road, Rexburg, Idaho, 83440.

11. On information and belief, Jarvis manufactures and sells suppressors for firearms.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action involves claims arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq*.

13. This Complaint also arises under the Federal Judgment Act, 28 U.S.C. §§ 2201 and 2202, based on the declaratory judgment sought by Dead Air due to Jarvis's accusations of patent infringement.

14. This Court has personal jurisdiction over Jarvis because it is incorporated and maintains its principal place of business in Idaho.

15. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c) because the sole Defendant resides in this judicial district.

## FACTUAL BACKGROUND

16. On information and belief, Jarvis is the named assignee and owns all rights and title in interest to the '906 Patent.

17. On June 9, 2025, counsel for Jarvis sent Dead Air a cease-and-desist letter ("Demand Letter") identifying its ownership of the '906 Patent. A true and correct copy of the Demand Letter as received by Dead Air is attached as Exhibit B.

18. In the Demand Letter, Jarvis asserted that Dead Air sold, and continues to sell, suppressors that infringe the '906 Patent. Specifically, the Demand Letter accused the RXD22Ti suppressor of infringing at least Claim 1 of the '906 patent, and requested that Dead Air verify in writing that they would cease to sell the allegedly infringing products.

19. The Demand Letter further stated that "Jarvis intends to enforce its rights under the Jarvis Patent" and that if Dead Air did not take a license or "immediately cease manufacturing, offering for sale, and selling" the RXD22Ti suppressor, that Jarvis "will take any and all legal action necessary."

20. Jarvis's accusations and demands have placed a cloud over Dead Air's businesses and created substantial controversy between Jarvis and Dead Air—two parties having adverse legal interests—of such immediacy and reality to warrant the issuance of a declaratory judgment.

21. A definite, concrete, immediate, and justiciable controversy exists between Dead Air and Jarvis, based at least on Jarvis's Demand Letter and threat of formal legal action, and Dead Air's unequivocal assertion that it does not infringe the claims of the '906 Patent.

## COUNT I

### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 12,018,906)

22. Dead Air incorporates the preceding Paragraphs of this Complaint as if set forth fully herein.

23. Dead Air has not infringed and does not infringe any claim of the '906 Patent, directly, contributorily, or by inducement, literally or under the doctrine of equivalents, individually or jointly, including through the making, use, importation into the United States, sale, and/or offering for sale of the RXD22Ti suppressor.

24. Claim 1 of the '906 Patent is directed to:

> A firearm suppression system comprising:
> a housing comprising a first end and a second end, the housing comprising:
> a first aperture at the first end,
> a second aperture at the second end;
> an inner compartment interposed between the first aperture and the second aperture, the inner compartment being substantially the same circumference from the first end to the second end;
> an end cap with a projectile aperture; and
> a core removably attachable to the housing and positioned therein, wherein the core comprises a plurality of core apertures on an outer surface that allow gas passing from a projectile and cartridge to pass to a channel between the inner surface of the housing and an outer surface of the core, the channel circumscribes the outer surface of the core and equalizes pressure that begins at the first end of the housing and terminates at the second end of the housing.

25. As a non-limiting example of why the RXD22Ti suppressor does not infringe Claims 1 through 12 of the '906 Patent, the RXD22Ti suppressor does not have "an end cap with a projectile aperture," as required by Claim 1 (and dependent Claims 2 through 12). Indeed, the claim chart attached to its Demand Letter apparently recognizes this, and states that the RXD22Ti suppressor "includes an end cap (red circle) *and* a projectile aperture (light blue

arrow)" (emphasis added) instead of identifying "an end cap *with* a projectile aperture" (emphasis added) as required by the claim.

26. The "projectile aperture" that Jarvis points to in the image using the light blue arrow is, in fact, a part of the core of the RXD22Ti, not a part of what it identifies as an "end cap."

27. The remaining claims of the '906 Patent are similarly not infringed by the RXD22Ti suppressor. Independent Claim 13 (and dependent Claims 14 through 16) requires "an end cap actuated by pressure, the end cap comprising: a projectile aperture." The RXD22Ti suppressor does not have either an "end cap actuated by pressure" nor an end cap comprising "a projectile aperture." Independent Claim 17 also requires "an end cap with a projectile aperture." The RXD22Ti suppressor does not have "an end cap with a projectile aperture."

28. As another example of why the RXD22Ti suppressor does not infringe the Claims 1 through 12 of the '906 patent, the RXD22Ti suppressor does not have a "channel between the inner surface of the housing and an outer surface of the core" that "circumscribes the outer surface of the core and equalizes pressure that begins at the first end of the housing and terminates at the second end of the housing," as required by Claim 1 (and dependent Claims 2 through 12). Indeed, the claim chart attached to its Demand Letter acknowledges that "the channel is not shown" in the image of the RXD22Ti suppressor.

29. Dead Air is not liable for any induced, contributory, divided, or other indirect infringement of any claim of the '906 Patent, and neither Dead Air nor its customers who use its products, nor anyone associated with Dead Air, utilizes every element of any claim in the '906 Patent as is required for infringement.

30. Dead Air also does not induce infringement of the '906 patent, or otherwise indirectly infringe the '906 patent, at least because neither Dead Air nor the RXD22Ti suppressor in operation directly infringe the '906 patent for at least the reasons stated above and because Dead Air has not acted with the specific intent necessary for induced infringement.

31. Dead Air also does not contributorily infringe the '906 patent at least because there is no direct infringement for at least the reasons stated above.

32. Dead Air also does not jointly infringe the '906 patent in conjunction with any other party at least because it does not operate any joint enterprise with or direct and control the acts of any third party.

33. Based on Jarvis's Demand Letter and the accusations of patent infringement contained therein, Dead Air has an imminent threat of litigation for patent infringement by Jarvis.

34. As such, there is a substantial, immediate, and real case or controversy that exists between Dead Air and Jarvis regarding whether Jarvis is seeking to enforce the '906 Patent against Dead Air. A judicial declaration is necessary to determine the parties' respective rights regarding the '906 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks relief from the Court as follows:

1. Declaring that judgment be entered in favor of Dead Air and against Jarvis;

2. Declaring that Dead Air does not infringe, directly, contributorily, by inducement, literally or by equivalents, jointly, or willfully, any claim of the '906 Patent by making, using, selling, offering to sell, and/or importing the RXD22Ti suppressor;

3. If the facts demonstrate that the case is exceptional within the meaning of 35 U.S.C. § 285, an award to Dead Air of its reasonable attorneys' fees, expenses, and costs associated with this case;

4. Awarding Dead Air any other remedy or relief to which it may be entitled and which the Court deems just, proper, and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action of all issues so triable.

Dated: August 29, 2025                HAWLEY TROXELL ENNIS & HAWLEY LLP

By */s/ Tyler J. Anderson*
Tyler J. Anderson, ISB No. 6632
Attorneys for Plaintiff Dead Air Armament, LLC
d/b/a Dead Air Silencers

Dated: August 29, 2025                ALSTON & BIRD LLP

By */s/  Ross R. Barton*
Ross Barton (*pro hac vice forthcoming*)
Sierra Weingartner (*pro hac vice forthcoming*)
Attorneys for Plaintiff Dead Air Armament, LLC
d/b/a Dead Air Silencers